NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Fish and Game Department
Case No. 2024-0283
Citation: Petition of Dean, 2025 N.H 44


PETITION OF PENNY S. DEAN
(New Hampshire Fish and Game Department)

Submitted: May 20, 2025
Opinion Issued: September 19, 2025


Penny S. Dean, self-represented party, on the brief.


John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Mark L. Lucas, assistant attorney general, on the brief), for the respondent.


MACDONALD, C.J.

[¶1] The petitioner, Penny S. Dean, challenges a decision of the respondent, the New Hampshire Fish and Game Department (department), revoking her hunter education volunteer instructor certification. Because we conclude that the presiding officer in the adjudicatory proceeding erred by declining to recuse himself, we vacate and remand.

I.   Background

[¶2] The record supports the following facts.  On January 5, 2023, the department notified the petitioner by letter signed by its executive director that based on events that occurred during the Hunter Education Field Day at the Winnipesaukee Sportsmen's Club on September 18, 2022, "it has been determined . . . that [the petitioner's] actions violated the NH Fish and Game Hunter Education Policy and Procedures."  As grounds, the letter stated that during a conservation officer's presentation to a class of students regarding the prohibition contained in RSA 644:13 (2016) against discharging a firearm within 300 feet of a building, the petitioner "openly disagreed with" the officer's explanation.  (Italics omitted.)  The letter stated that the manner by which the petitioner challenged the officer's interpretation of the law violated the "Instructors' Code of Conduct," which provides that "[o]pen criticism of others or heated disagreements between instructors in front of a class are unproductive and detrimental and leave the wrong impression" and "[a] classroom is no place for an argument."  (Quotation and bolding omitted.)

[¶3] In addition, the letter stated that "the students were confused about the interpretation of the law, which is very important in regards to public safety," and "[a] Hunter Education Instructor causing confusion by contradicting a Law Enforcement officer in regards to public safety laws is causing a negative impact on the hunter education program."  (Italics omitted.)  The letter notified the petitioner that her "Hunter Education volunteer instructor certification is revoked," her "certification to teach, plan, or take part in any Hunter Education courses as a volunteer Hunter Education instructor is suspended," and she had the right, under the then effective department rules, to request a hearing "before a Presiding Officer of the Department."

[¶4] The petitioner requested a hearing.  Subsequently, she filed a motion objecting to the executive director serving as the hearing officer.  She argued that "[a] hearing officer is constitutionally required to be a neutral and detached hearing officer" and that, by participating in the decision to revoke her license, the executive director had prejudged this matter and must, therefore, recuse himself from acting as the presiding officer.  A pre-hearing conference was held on April 11, 2023.  At the outset, the petitioner reiterated her objection to the executive director "conducting this hearing given the fact that, according to the record, [he was] one of the . . . decision-makers in this matter."  The executive director denied the petitioner's motion, stating that he could be fair and impartial, had not prejudged the evidence, and would "make a decision based on the evidence presented on the record and the applicable legal standards."  A merits hearing was scheduled for May 24.

[¶5] Following the merits hearing, the executive director, acting as the presiding officer, found that the department sustained its burden of proof that (1) the petitioner violated the Instructors' Code of Conduct and (2) her conduct

had a negative impact on the Hunter Education Program.  The petitioner moved for rehearing requesting, among other things, "a different hearing officer."  The department consented to a rehearing with "an assistant Attorney General sitting as the Hearing Officer."  The petitioner did not accept the department's offer, arguing that "a hearing officer from the Attorney General's office . . . would be highly inappropriate given that the Attorney General's office would be presumed to be handling this matter on appeal."  Thereafter, the executive director denied the petitioner's motion for rehearing, and the petitioner sought review by this court.

II.    Analysis

[¶6] We first address our jurisdiction over this matter.  The petitioner filed an appeal here under RSA 541:6 and Supreme Court Rule 10.  The department asserts, however, that "because there is no statute authorizing an appeal from a decision of the Department to revoke a volunteer hunter safety instructor's credentials," a petition for a writ of certiorari is the proper avenue for review.

[¶7] Appeals from administrative proceedings may be taken under RSA chapter 541 only when so authorized by law.  Appeal of Rye Sch. Dist., 173 N.H. 753, 757 (2020); see RSA 541:2 (2021).  We have interpreted RSA 541:2 to mean that the provisions of RSA chapter 541 do not provide an appeal from the determination of every administrative agency in the state.  Rye Sch. Dist., 173 N.H. at 757.  Unless some reference is made to RSA chapter 541 in a given statute, an appeal under the provisions of RSA chapter 541 is not authorized by law.  Id.

[¶8] RSA 214:23-c (2018), the provision at issue here, provides no mechanism for judicial review.  As the department correctly notes, "RSA 214:23-c simply provides for hunter safety education instructors to be authorized to conduct hunter safety classes, and does not provide for any appeal from a decision of the [department's executive director] to either grant or to revoke any such authorization."  Because there is no statutory provision for appellate review of the executive director's decision in this case, we do not have RSA chapter 541 jurisdiction, and a petition for a writ of certiorari is the proper vehicle for obtaining review.  See Petition of Chase Home for Children, 155 N.H. 528, 532 (2007).  Therefore, we treat the petition as one for certiorari review pursuant to Supreme Court Rule 11.

[¶9] Certiorari is an extraordinary remedy that is not granted as a matter of right, but rather at the court's discretion.  Petition of N.H. Div. of State Police, 174 N.H. 176, 180 (2021).  Our review of an administrative agency's decision on a petition for certiorari entails examining whether the agency has acted illegally with respect to jurisdiction, authority or observance of the law or has unsustainably exercised its discretion or acted arbitrarily, unreasonably or

3

capriciously. Chase Home for Children, 155 N.H. at 532. We exercise our power to grant such writs sparingly and only where to do otherwise would result in substantial injustice. Id.

[¶10] The petitioner argues that the department erred by allowing the executive director to act as the presiding officer given that he was the "purported author of the January 5, 2023 letter and decision maker of [her] punishment." The department asserts that (1) the petitioner's argument is not preserved for appellate review and (2) the executive director was not required to recuse himself as presiding officer. As set forth above, the record supports that the petitioner objected several times to the executive director's participation in the adjudicative hearing as the presiding officer because of his role in the decision to revoke her instructor certification. Accordingly, the argument is preserved.

[¶11] The department's rules provide that good cause exists for the withdrawal of the presiding officer if, among other things, the officer "[h]as made statements or engaged in behavior which objectively demonstrates that he or she has prejudged the facts of a case." N.H. Admin. R., Fis 203.02(b)(2). As the presiding officer acknowledged, he, as the executive director of the department, "made the decision to terminate [the petitioner's] hunter education volunteer instructor certification," and signed the January 5, 2023 letter revoking the petitioner's certification. By signing what was essentially the charging document, the executive director's behavior "objectively demonstrates" that he "prejudged the facts" of the case, thereby providing good cause for his withdrawal as the presiding officer in the adjudicatory proceeding. Id.

[¶12] We conclude that the executive director erred by declining to recuse himself as the presiding officer in the adjudicatory proceeding of this matter and we therefore vacate his August 7, 2023 final order. The additional issues raised by the petitioner in this court should be resolved by a new hearing officer in the first instance. Accordingly, we grant the petition, vacate the presiding officer's decision, and remand for further proceedings consistent with this opinion.

Vacated and remanded.

DONOVAN and COUNTWAY, JJ., concurred.

4